# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

|  |  |
|---|---|
| SONYA FOSTER, Individually and on behalf of D.F., a minor,<br><br>    Plaintiff,<br><br> v.<br><br>TAKE-TWO INTERACTIVE-SOFTWARE, INC.; ROCKSTAR GAMES UK LIMITED f/k/a ROCKSTAR NORTH LIMITED and DMA DESIGN LIMITED; ROCKSTAR GAMES INC.; PSYONIX, LLC; PANIC BUTTON, LLC; EPIC GAMES, INC.; ROBLOX CORPORATION; ACTIVISION BLIZZARD, INC.; MICROSOFT CORPORATION; INFINITY WARD, INC.; TREYARCH CORPORATION; SLEDGEHAMMER GAMES, INC.; ELECTRONIC ARTS, INC.; and SONY INTERACTIVE ENTERTAINMENT LLC,<br><br>    Defendants. | Case No.: 1:24-CV-00919-BMB<br><br>Hon. Bridget Meehan Brennan |

## JOINT MOTION FOR EXTENSION OF TIME
## AND TO MODIFY PAGE LIMITS

Defendant Roblox Corporation and Plaintiff Sonya Foster, individually and on behalf of D.F., a minor, respectfully move this Court for (1) an extension of time for all Moving Defendants—Take-Two Interactive Software, Inc., Rockstar Games, Inc., Rockstar Games UK Limited, Psyonix, LLC, Epic Games, Inc., Roblox Corporation, Activision Blizzard, Inc., Microsoft Corporation, Infinity Ward, Inc., Treyarch Corporation, Sledgehammer Games, Inc., Electronic Arts, Inc., and Sony Interactive Entertainment LLC (collectively, "the Moving

Defendants")[1]—to respond to Plaintiff's Complaint, (2) for entry of an order both setting a jointly agreed briefing schedule and modifying the page limits for the Moving Defendants' forthcoming motions to dismiss, and (3) an extension of time for all Moving Defendants to answer Plaintiff's Complaint.

In support of this Motion, the Moving Defendants and Plaintiff state as follows:

1. Plaintiff asserts claims involving video game addiction allegedly caused by D.F.'s use of video games Grand Theft Auto, Rocket League, Fortnite, Roblox, Call of Duty Modern Warfare 2, Call of Duty Modern Warfare 3, and Madden 24. Plaintiff allegedly played these games on PlayStation 4 and PlayStation 5.

2. In support of her claims, on May 24, 2024, Plaintiff filed a 168-page, 13-count, 855-paragraph Complaint against 16 defendants: Take-Two Interactive Software, Inc., Rockstar Games, Inc., Rockstar Games UK Limited, Psyonix, LLC, Panic Button, LLC, Epic Games, Inc., Roblox Corporation, Activision Blizzard, Inc., Microsoft Corporation, Infinity Ward, Inc., Treyarch Corporation, Sledgehammer Games, Inc., Electronic Arts, Inc., EA Sports, Electronic Arts-Tiburon, and Sony Interactive Entertainment LLC.

3. Plaintiff asserts the following claims:

| Count No. | Claim |
| --- | --- |
| Count I | Strict Liability – Design Defect |
| Count II | Strict Liability – Failure to Warn |
| Count III | Fraudulent Misrepresentation |
| Count IV | Fraudulent Inducement |

---

[1] Plaintiff has voluntarily dismissed claims against EA Sports and Electronic Arts-Tiburon pursuant to FRCP 41(a)(1)(A) (Dkt. 22). Panic Button, LLC was served on July 3, 2024 (Dkt. 21) and does not join in this Motion.

| Count V | Negligence - Design |
|---|---|
| Count VI | Negligence – Failure to Warn |
| Count VII | Negligence – Failure to Instruct |
| Count VIII | Negligence Per Se |
| Count IX | Negligence - Ordinary |
| Count X | Intentional Infliction of Emotional Distress |
| Count XI | Negligent Infliction of Emotional Distress |
| Count XII | Civil Conspiracy |
| Count XIII | Loss of Filial Consortium |

4. Other plaintiffs have filed other federal and state actions alleging claims of video game addiction against certain defendants in this action.

*Dunn v. Activision Blizzard Inc. et al.*, No. 3:23-cv-00224-JMM (E.D. Ark.) (filed October 30, 2023)

*Johnson v. Activision Blizzard et al.*, No. 3:24-cv-00026-JMM (E.D. Ark.) (filed November 8, 2023)

*Angelilli v. Activision Blizzard, Inc. et al.*, No. 1:23-cv-16566-MSS (N.D. Ill.) (filed Dec. 6, 2023)

*Wilson v. Activision Blizzard, Inc., et al.*, No. 24-2-00025-1 (Skagit Cty. Sup. Ct.) (filed Jan. 5, 2024)

*Glasscock v. Activision Blizzard Inc. et al.*, No. 2:24-cv-04036-BCW (W.D. Mo.) (filed March 13, 2024)

*Donerson v. Epic Games, Inc., et al.*, No. 3:24-cv-00041 (E.D. Ark.) (filed March 18, 2024)

*Courtright v. Epic Games, Inc. et al.*, No. 2:24-cv-04055-BCW (W.D. Mo.) (filed April 10, 2024)

*Ayers v. Epic Games Inc. et al.*, No. 1:24-cv-00064-ACW (N.D. Fla.) (filed April 12, 2024)

*Broussard v. Microsoft Corporation et al.*, No. 1:24-cv-01697-TWT (N.D. Ga.) (filed April 19, 2024)

*Sayers v. Microsoft Corporation et al.*, No. 4:24-cv-00078-RSB (S.D. Ga.) (filed April 24, 2024)

*Orellana v. Roblox Corporation et al.*, No. 6:24-cv-00762 (M.D. Fla.) (filed April 24, 2024)

*Roberts v. Activision Blizzard, Inc. et al.*, No. 1:24-cv-01876-MHC (N.D. Ga.) (filed April 29, 2024)

*Jameson v. Roblox Corporation et al.*, No. 0:24-cv-01602-JMB (D. Minn.) (filed May 3, 2024)

*Antonetti v. Activision Blizzard, Inc. et al.*, No. 1:24-cv-02019-TWT (N.D. Ga.) (filed May 8, 2024)

5. The Moving Defendants' deadline to respond to the complaint is July 29, 2024. *See* Dkts. 6-17, 20.

6. Given the length and complexity of the Complaint and the related pending litigation, the Moving Defendants and Plaintiff respectfully request an extension of time for the Moving Defendants to respond to the Complaint until September 12, 2024, and entry of the following agreed-upon briefing schedule:

Response to the Complaint, including any Motion to Dismiss: September 12, 2024[2]

Any Opposition: October 28, 2024

Any Reply: November 18, 2024

7. Certain Moving Defendants' user agreements contain arbitration provisions. The Moving Defendants and Plaintiff respectfully request that the deadlines above also apply to any

---

[2] Defendants reserve the right to separately move for an extension of the provision in the Court's Initial Standing Order (Dkt. 18) requiring any Defendant who files a Rule 12(b) motion to dismiss to file an answer on the day that the Plaintiff's opposition to any Rule 12(b) motion is due. Plaintiff reserves the right to oppose any such request.

motions to compel arbitration, oppositions, and replies. Nothing herein waives any argument any party may have with respect to arbitrability.

8. Good cause exists to enter this briefing schedule considering the number of parties and variability of counts alleged in Plaintiff's Complaint. This requested extension and proposed briefing schedule are not for purposes of delay or any improper purpose, but rather to allow the parties to brief complex issues in a coordinated and efficient manner, which ultimately will conserve party and judicial resources and will not prejudice any party.

9. With respect to the requested page limit modification, Moving Defendants and Plaintiff jointly agree upon the following proposed page lengths for the parties' motion to dismiss memoranda:

> The Moving Defendants will be allowed a cumulative limit of 100 pages for their opening briefs, which may be allotted across Defendants or groups of Defendants.
>
> Plaintiff will be allowed a cumulative limit of 130 pages for her opposition briefs to the Moving Defendants' opening briefs, which may be allotted across one or more memoranda.
>
> The Moving Defendants will be allowed a cumulative limit of 60 pages for their reply briefs, which may be allotted across Defendants or groups of Defendants.

10. These cumulative limits shall apply only to the motion to dismiss briefing and shall not apply to any motion to compel arbitration and related briefing that any Defendant may file, which remain subject to the page limits described in the Court's initial standing order (Dkt. 18).

11. Good cause exists to modify page limits considering the number of defendants and counts alleged against them in the Complaint. These proposed page limits will allow the parties to brief complex issues in a coordinated and efficient manner by eliminating the need for multiple individual briefs and permitting the submission of one or more omnibus briefs. Such joint briefing will conserve party and judicial resources. Defendants have, to this end, filed combined briefs of

roughly similar total pages in support of their motions to dismiss in related cases in other jurisdictions. *See, e.g.*, *Dunn et al v. Activision Blizzard, Inc., et al.*, 3:23CV00224 (E.D. Ark.) (Dkts. 103, 105); *Johnson v. Activision Blizzard, Inc., et al.*, 3:24CV00026 (E.D. Ark.) (Dkts. 104, 107). Moving Defendants and Plaintiff agree that these page limits will not prejudice any party.

12. The Moving Defendants reserve all arguments, rights, and defenses, including but not limited to, any arguments or defenses relating to arbitration, venue, and personal jurisdiction.

WHEREFORE, Defendant Roblox Corporation and Plaintiff Sonya Foster, individually and on behalf of D.F., a minor, respectfully request that this Court enter an order:

- Extending the time for the Moving Defendants to respond to the complaint, and entering the following briefing schedule:

    Response to the Complaint, including any Motions to Dismiss and any Motion to Compel Arbitration: September 12, 2024

    Oppositions: October 28, 2024

    Replies: November 18, 2024

- Modifying the applicable page limits for the motion to dismiss briefing according to the following page limits:

    The Moving Defendants will be allowed a cumulative limit of 100 pages for their opening briefs, which may be allotted across Defendants or groups of Defendants.

    Plaintiff will be allowed a cumulative limit of 130 pages for her opposition briefs to the Moving Defendants' opening briefs, which may be allotted across one or more memoranda.

    The Moving Defendants will be allowed a cumulative limit of 60 pages for their reply briefs, which may be allotted across Defendants or groups of Defendants.

Dated: July 19, 2024                                    Respectfully submitted,

                                                        By */s/ Marcel C. Duhamel*

| | |
|---|---|
| */s/ Marcel C. Duhamel* | */s/ Breean Walas* |
| Andrew P. Guran (0090649) | Breean "BW" Walas (PHV) |
| **Vorys, Sater, Seymour and Pease LLP** | **Bullock Legal Group LLC** |
| 50 S. Main Street, Suite 1200 | 3350 Riverwood Pkwy, Suite 1900 |
| Akron, Ohio 44308 | Atlanta, GA 30339 |
| Telephone: (330) 208-1143 | Office: (833) 853-4258 |
| Facsimile: (330) 208-1050 | Direct: (770) 758-9423 |
| apguran@vorys.com | Fax: (833) 895-2022 |
| | bwalas@bullocklegalgroup.com |
| Marcel C. Duhamel (0062171) | |
| **Vorys, Sater, Seymour and Pease LLP** | Ryan J. Cavanaugh |
| 200 Public Square, Suite 1400 | Constantine P. Venizelos |
| Cleveland, OH 44114 | Edward J. Kelley |
| Telephone/Facsimile: (216) 479-6112 | Michael P. Knopf |
| mcduhamel@vorys.com | **Constant Legal Group** |
| | 737 Bolivar Rd., Ste. 440 |
| David Fuad (PHV forthcoming) | Cleveland, OH 44115 |
| **Orrick, Herrington & Sutcliffe LLP** | (216) 333-6707 |
| 355 S. Grand Ave., Ste. 2700 | (216) 274-9365 (facsimile) |
| Los Angeles, CA 90071 | ryan@constantllp.com |
| (213) 612-2020 | dean@constantllp.com |
| dfuad@orrick.com | ed@constantllp.com |
| | michael @constantllp.com |
| Behnam Dayanim (PHV forthcoming) | |
| Will Stute (PHV forthcoming) | *Attorneys for Plaintiffs Sonya Foster,* |
| **Orrick, Herrington & Sutcliffe LLP** | *individually and on behalf of D.F., a minor* |
| 2100 Pennsylvania Avenue NW | |
| Washington, D.C. 20037 | |
| (202) 339-8400 | |
| bdayanim@orrick.com | |
| wstute@orrick.com | |

*Attorneys for Defendant Roblox Corporation*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 19, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                           s/ *Marcel C. Duhamel*
                                           One of the Attorneys for Defendant Roblox Corporation